UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **JOSEPH REISWERG,** ) | |
| ) | |
|   Plaintiff/Counterclaim Defendant, ) | |
| ) | |
|     vs. ) | CAUSE NO.  1:07-cv-42-WTL-DML |
| ) | |
| **GREAT AMERICAN INSURANCE CO.,** ) | |
| ) | |
|   Defendant/Counterclaimant, Third-Party ) | |
|   Plaintiff, ) | |
| ) | |
| **PAM STATOM,** ) | |
| ) | |
|   Third-Party Defendant. ) | |

## ENTRY ON VARIOUS MOTIONS

This cause is before the Court on the Motion of Third-Party Defendant Pam Statom to Strike Plaintiff Joseph Reiswerg's Motion for Summary Judgment.  Reiswerg has not filed a response to this motion, and the time for doing so has expired.  The Court finds the motion to be well-taken, inasmuch as Reiswerg improperly seeks in his motion for summary judgment to have this Court decide issues that have already been resolved in the underlying legal malpractice claim between Reiswerg and Statom that is pending in state court.  Accordingly, the motion to strike (dkt. # 66) is **GRANTED** and Reiswerg's motion for summary judgment (dkt. # 52) is **ORDERED STRICKEN**.

Also before the Court is Statom's Motion for Sanctions (dkt. #67) in which she seeks sanctions pursuant to Federal Rule of Civil Procedure 11 on the ground that Reiswerg's motion for summary judgment was frivolous.[1]  Reiswerg failed to file a timely response to the motion for

---

[1] Statom states in her motion that she has complied with the notice provisions of Rule 11(c)(2).

sanctions.[2] The Court agrees with Statom that Reiswerg's motion for summary judgment was completely baseless and served only to waste the time of Statom, her counsel, and this Court. Accordingly, the motion for sanctions is **GRANTED**. In order to assist the Court in determining the appropriate amount of sanctions to be awarded, Statom shall, **within 30 days of the date of this Entry**, file a notice in which she sets forth, with appropriate supporting affidavit, the amount of attorney's fees she expended to file her motion to strike and her Rule 11 motion.

SO ORDERED: 01/22/2009

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Dina M. Cox
LEWIS & WAGNER
dcox@lewiswagner.com

Brett Y. Hoy
LEWIS WAGNER LLP
bhoy@lewiswagner.com

John Kenyon Henning IV
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
john.henning@ogletreedeakins.com

Todd J. Kaiser
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
todd.kaiser@odnss.com

Joseph J. Reiswerg
jreiswerg@reiswerglaw.com

---

[2] Both the motion for sanctions and the motion to strike were filed on May 23, 2008. On June 23, 2008, Statom filed a document entitled Notice of Failure to File a Response and Request for Ruling in which she noted that the time for responding to both motions had expired and Reiswerg had failed to file anything. On June 26, 2008, Reiswerg filed a document entitled Plaintiff's Response to Third-Party Defendant, Pam Statom's Request for a Ruling and Plaintiff's Request for Sanctions. This document is extremely curious, in that it does not address either the motion to strike the summary judgment motion or the motion for Rule 11 sanctions, the two motions which were clearly and unambiguously the subject of Statom's request for ruling, but instead discusses a request for sanctions made by Statom in response to an earlier motion to quash discovery filed by Reiswerg, in spite of the fact that when docketing his "response" Reiswerg linked it to docket number 67, which was Statom's Rule 11 motion. In any event, the Court sees no substantive response from Reiswerg to either of the motions at issue in this entry.