UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH REISWERG, ) | |
| ) | |
|   Plaintiff/Counterclaim Defendant, ) | |
| ) | |
|     vs. ) | CAUSE NO.  1:07-cv-42-WTL-DML |
| ) | |
| GREAT AMERICAN INSURANCE CO., ) | |
| ) | |
|   Defendant/Counterclaimant, Third-Party ) | |
|   Plaintiff, ) | |
| ) | |
|     vs. ) | |
| ) | |
| PAM STATOM, ) | |
| ) | |
|   Third-Party Defendant. ) | |

**ENTRY REGARDING MOTION FOR SANCTIONS AND CONTEMPT ORDER
AND
ORDER OF CONTEMPT**

    This cause is before the Court on the motion of Third-Party Defendant Pam Statom entitled Motion for Sanctions and Order Finding Plaintiff Joseph Reiswerg in Contempt of Court (dkt. #95).  The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion to the extent and for the reasons set forth below.

    Statom's motion relates to her efforts to obtain discovery from Plaintiff Joseph Reiswerg regarding his income and assets.  Statom first requested this information from Reiswerg in document requests that were served on February 2, 2008.  On May 5, 2008, long after his responses to Statom's requests were due, Reiswerg filed a motion to quash, arguing that his financial situation was irrelevant to the issues in this case.  On July 7, 2008, the Court denied that motion, finding that Reiswerg had waived any objections to the document requests by failing to respond to them within thirty days.  The Court ordered Reiswerg to "respond fully–

and, in light of his failure to timely respond, without objection–to Statom's document requests" within 15 days. Reiswerg's subsequent motion for an additional 45 days to serve the responsive documents was granted.

More than four months after the extended deadline for compliance, Statom filed the instant motion in which she reported that Reiswerg still had not complied with the Court's order in that he had provided "a few pages from Reiswerg's tax returns from 2006 and 2007, and no other documents." The documents that were requested but not produced included the following:

- documents relating to the accounts receivable for Reiswerg's law practice from 2004-2008

- documents relating to the trust account for Reiswerg's law practice

- documents relating to Reiswerg's income from 2004-2008, including but not limited to all monthly statements from his checking and savings accounts

- documents relating to Reiswerg's net worth, including documents sufficient to show the equity he has in his home and documents showing the value of any 401(k) or IRA accounts, stocks, bonds, and any other investments or assets he owns

- documents sufficient to show Reiswerg's interest in and any income from eTraining Services, Inc., a company in which Reiswerg had a partnership interest (according to his 2006 tax return)

- Reiswerg's 2004 and 2005 tax returns, which Reiswerg apparently did not request from the IRS until September 28, 2008, weeks after his responses were due, and any portions of his 2006 and 2007 tax returns that he has not yet produced

Statom's counsel requested numerous times that Reiswerg produce the missing documents, to no

avail.

Statom's motion paints a picture of total indifference to the Court's order and a deliberate refusal to cooperate in the discovery process. Reiswerg's response to the motion does nothing to alter that picture. First, the response was filed over a month late. Further, Reiswerg fails to address many of the categories of documents discussed in Statom's motion, and his explanations with regard to the categories he does discuss are inadequate. With regard to E-Training Services, he states that it "is no longer in existence having stopped its on-line service approximately two years ago" and that he "only had a minority interest in that entity as it was owned in majority by [his] wife." Be that as it may, Statom is entitled to the documents necessary to verify that fact. In addition, Reiswerg states that he has already provided his 2006 and 2007 tax returns, but does not specifically address the fact that it is not clear to Statom whether those returns were produced in their entirety. With regard to his 2004 and 2005 tax returns, Reiswerg confirms that he has requested them from the IRS, but does not address his failure to do so in a more timely manner. With regard to his home, Reiswerg states that he provided Statom with a mortgage statement; however, it was a monthly mortgage statement that did not provide any information with regard to the value of the home. Finally, Reiswerg states that with regard to his law practice he "explained to Statom's counsel that he does very limited hourly billing and gave him a reasonable estimate of what those outstanding amounts are." Again, Statom is not required to take Reiswerg's word for it; she is entitled to the underlying documents regarding the value of and income from Reiswerg's law practice.

In addition to failing to adequately address his failure to produce the documents at issue, Reiswerg also reiterates his objection to producing the documents generally and specifically objects to producing his trust account information, arguing that to do so would "invade attorney-

3

client privilege." Unfortunately, Reiswerg waived his objections to this discovery long ago and was clearly and unequivocally ordered to produce all of the documents sought by Statom. If he had legitimate objections, or legitimate concerns regarding the attorney-client privilege, he should have raised those concerns promptly.[1] He failed to do so.

The record is clear that Reiswerg chose not to fully comply with this Court's order of July 7, 2008. Federal Rule of Civil Procedure 37(b)(2)(A)(vii) provides that when faced with a party who fails to obey an order to provide discovery, the Court may "issue further just orders," which may include treating the failure as contempt of court. Such an order is appropriate if it would serve at least one of the following purposes: "'compelling compliance with a court order [or] compensating the complainant for losses caused by contemptuous actions.'" *Autotech Technologies LP v. Integral Research & Develop. Corp.*, 499 F.3d 737, 752 (7th Cir. 2007) (quoting *Tranzact Tech., Inc. v. 1Source Worldsite*, 406 F.3d 851, 856 (7th Cir.2005)). In light of Reiswerg's intransigency, and in hopes of compelling compliance with its previous order, the Court hereby finds Reiswerg in contempt of court for failing to fully comply with the Court's July 7, 2008, order. **By no later than 5:00 p.m. on October 2, 2009, Reiswerg shall do the following:**

  1. **Produce all of the documents contained on the list set forth on page 2 of this Entry that he has not previously produced;**

  2. **File a Notice of Compliance which shall include an affidavit that lists, in detail, all of the documents he produces in response to this order;**

---

[1]Frankly, had Reiswerg timely objected to the document requests when they were originally served, the Court may well have been inclined to narrow the information he was required to produce and/or to defer the discovery until later in the case. However, Reiswerg failed to take the actions necessary to preserve his objections to the requests.

3. To the extent that any of the documents set forth in the Court's list do not exist or are not within Reiswerg's possession or control, provide a specific and comprehensive explanation of that fact in the affidavit.

**Failure to fully comply with this Order will result in the accrual of a contempt sanction of $50.00 per day beginning on October 3, 2009, and continuing until full compliance is achieved.**

Finally, pursuant to Rule 37(b)(2)(C), the Court determines that Statom is entitled to recover from Reiswerg the reasonable expenses, including attorney fees, that she incurred in attempting to convince Reiswerg to produce the documents as ordered, including the filing of the instant motion and the reply in support of it as well as her counsel's pre-filing efforts. **Within 30 days of the date of this Entry**, Statom shall file a notice with supporting affidavit setting forth the amount of those fees and expenses.

SO ORDERED: 09/02/2009

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Dina M. Cox
Lewis & Wagner
dcox@lewiswagner.com

John Kenyon Henning IV
Ogletree, Deakins, Nash, Smoak & Stewart
john.henning@ogletreedeakins.com

Brett Y. Hoy
Lewis Wagner LLP
bhoy@lewiswagner.com

Todd J. Kaiser
Ogletree, Deakins, Nash, Smoak & Stewart
todd.kaiser@odnss.com

Joseph J. Reiswerg
jreiswerg@reiswerglaw.com