UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH REISWERG, | ) |
| | ) |
|    Plaintiff/Counterclaim Defendant, | ) |
| | ) |
|      vs. | ) CAUSE NO.  1:07-cv-42-WTL-DML |
| | ) |
| GREAT AMERICAN INSURANCE CO., | ) |
| | ) |
|    Defendant/Counterclaimant, Third-Party Plaintiff, | ) |
| | ) |
|      vs. | ) |
| | ) |
| PAM STATOM, | ) |
| | ) |
|    Third-Party Defendant. | ) |

**ENTRY ON MOTION TO STRIKE JURY DEMAND**

This cause is before the Court on the motion of Great American Insurance Company ("Great American") entitled Motion to Strike Third Party Defendant Pam Statom's Jury Demand (dkt. #82).  The motion is fully briefed and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

As the title of its motion suggests, Great American argues that Statom is not entitled to a jury trial in this case and therefore moves to strike her jury demand.  In order to resolve this issue, it is necessary to examine the somewhat unusual procedural history of this case.

After Statom filed a legal malpractice suit against her former attorney, Joseph Reiswerg, Reiswerg notified Great American, his malpractice insurance carrier, of the suit.  Great American retained counsel to represent Reiswerg in Statom's suit.  However, Great American later denied coverage, taking the position that Reiswerg's failure to disclose the dispute with Statom in his insurance application voided the policy.

Reiswerg filed this suit against Great American in state court seeking declaratory judgment that Great American is obligated to defend and indemnify him in Statom's suit and seeking damages in the amount that Reiswerg paid his counsel in that suit after Great American declined to defend him, as well as mental distress damages. Reiswerg did not request a jury trial. Great American removed the case to this court and asserted a counterclaim against Reiswerg seeking declaratory judgment that it had no duty to defend or indemnify Reiswerg. Great American asserted both that the policy language excluded coverage because Reiswerg became aware of Statom's claim prior to the inception date of the policy (Count I) and that the policy was void because Reiswerg's application contained a material misrepresentation– that he was aware of no potential claims against him (Count II). Great American also did not request a jury trial.

Several months later, Statom filed a motion seeking to intervene in this suit in order to assert the defenses of waiver and estoppel against Great American's counterclaim based on Great American's failure to issue a reservation of rights letter to Reiswerg. That motion was eventually rendered moot when Great American amended its counterclaim to add Statom as a third-party defendant. Statom then asserted her defenses in her answer to the counterclaim and on the same date filed a demand for a jury trial. Great American subsequently filed the instant motion seeking to strike the jury demand.

Federal Rule of Civil Procedure 38(a) provides that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution . . . is preserved to the parties inviolate." The Seventh Amendment, in turn, provides for the right to a jury trial in "[s]uits at common law."

[T]o determine whether a particular action will resolve legal rights, and therefore

> give rise to a jury trial right, we examine both the nature of the issues involved and the remedy sought. First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. The second inquiry is the more important in our analysis.

*Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 299 F.3d 643, 648 (7th Cir. 2002) (quoting *Chauffeurs, Teamsters & Helpers Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990)). With regard to suits for declaratory judgment, such as Great American's claim against Statom in this case, the same inquiry is made, with an added twist: "If the declaratory judgment action does not fit into one of the existing equitable patterns but is essentially an inverted law suit-an action brought by one who would have been a defendant at common law-then the parties have a right to a jury. But if the action is the counterpart of a suit in equity, there is no such right." *Id.* (citations omitted).[1]

Applying these principles to the instant case, Great American's claim against Statom seeking a declaration that the terms of the policy exclude her suit against Reiswerg clearly is "an inverted law suit–an action brought by one who would have been a defendant at common law." Indeed, it is indistinguishable from the "typical case" used by Professor Miller as an example to demonstrate "the kind of analysis that is required when declaratory judgment is sought":

> In one typical case, an insurance company sought a declaratory judgment in a federal court that an accident in which its insured was involved came within one of the exclusions of the policy. There were three ways in which this coverage issue could have been litigated if there were no declaratory judgments. First, the insured could have paid a judgment against him and sued the insurer for the

---

[1] To the extent that Great American argues that the fact that it does not seek monetary damages in either of its claims is somehow relevant, it is mistaken. It is axiomatic that monetary damages can never be sought in a claim brought under the Declaratory Judgment Act; the fact that monetary relief is not sought is therefore irrelevant to the Seventh Amendment analysis in such cases.

>  amount due him by way of indemnity. This would be a simple action for the recovery of money only. Therefore, at common law it would have been tried in debt or assumpsit and would be triable to a jury today. Second, if the insured chose not to pay the judgment, the injured person could have brought an independent action against the insurer for the amount of the judgment, which would be triable to a jury. Third, the insured person alternatively could have garnisheed the insurer as a part of the tort action against the insured. A garnishment would be tried to the court without a jury. Since the issue of coverage usually would be tried to a jury, unless the injured person elected to proceed by garnishment rather than to bring an independent action, the Eighth Circuit held that in the declaratory judgment action it was reversible error to deny trial by jury when the injured person and the insured had demanded a jury. The Supreme Court cited this decision with approval in *Beacon Theatres, Inc. v. Westover.*

Wright & Miller, Federal Practice and Procedure Civil 3d § 2313 (discussing *Johnson v. Fidelity & Cas. Co. of NY*, 238 F.2d 322 (8th Cir. 1956)). In the absence of the Declaratory Judgment Act, the determination of whether the terms of the insurance contract provided coverage for any judgment that might ultimately be awarded in Statom's case against Reiswerg would arise after the judgment was obtained, Great American refused to pay the judgment, and Statom and/or Reiswerg sued Great American for breach of contract. There would clearly be a right to a jury trial in that case; accordingly, there is in this case as well.

Great American's insistence that *State Farm Mut. Auto Ins. Co. v. Mossey*, 195 F.2d 56 (7th Cir. 1952), requires a different result is misplaced. Unlike in this case, in *Mossey* the declaratory relief that the insurer was seeking–a declaration that the insurance policy was void– was the equivalent of an equitable claim for rescission. While Great American does seek such relief in this case in its Count II, that claim is distinct and distinguishable from its claim in Count I, in which it seeks a declaration that under the terms of the policy itself Statom's lawsuit is excluded. That is the equivalent of an inverted breach of contract claim.

For the reasons set forth above, Great American's motion to strike Statom's jury demand

is **DENIED**.

  SO ORDERED: 09/08/2009

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Dina M. Cox
Lewis & Wagner
dcox@lewiswagner.com

John Kenyon Henning IV
Ogletree, Deakins, Nash, Smoak & Stewart
john.henning@ogletreedeakins.com

Brett Y. Hoy
Lewis Wagner LLP
bhoy@lewiswagner.com

Todd J. Kaiser
Ogletree, Deakins, Nash, Smoak & Stewart
todd.kaiser@odnss.com

Joseph J. Reiswerg
jreiswerg@reiswerglaw.com